

UNITED STATES DISTRICT COURT

DISTRICT OF COLUMBIA

| | |
|---|---|
| Donald R. Cowan,<br>　　Plaintiff,<br><br>v.<br><br>Federal Communications Commission; Joel Taubenblatt, John Lockwood, Cameron Duncan, Kimia Nikseresht, Mindy DeJesus,<br><br>　　Defendants. | Administrative Procedures Act<br>Mandamus \| Prohibition<br>Complaint<br>5 U.S.C. §§ 551–559<br>5 U.S.C. §§ 701–706<br><br>Case No.<br><br>This Complaint has 1 attachment:<br><br>Case: 1:24-cv-03099<br>Assigned To : Unassigned<br>Assign. Date : 10/28/2024<br>Description: Pro Se Gen. Civ. (F-DECK) |

**COMPLAINT**

Comes now, Donald R. Cowan ("Plaintiff"), and files this Complaint against defendants Joel Taubenblatt, John Lockwood, Cameron Duncan, Kimia Nikseresht, Mindy DeJesus, The Federal Communications Commission, and for cause would show as follows:

1. This action seeks a declaratory judgment and an enforcement writ/injunction on Claim 1.
2. Plaintiff alleges that all of the defendants acted under color of law, in violation of the Supremacy Clause of the United States Constitution.
3. Plaintiff, alleges, that defendants Joel Taubenblatt, John Lockwood, Cameron Duncan, Kimia Nikseresht, and Mindy DeJesus civilly conspired to deprive Plaintiff of his Due Process rights guaranteed to him under the Fifth Amendment to the United States Constitution as incorporated and applied by way of 5 U.S.C. § 558(c) and 47 U.S.C. §§ 309(a), (d)(2), and (e).
4. Plaintiff, further alleges, that defendants Joel Taubenblatt, John Lockwood, Cameron Duncan, Kimia Nikseresht, and Mindy DeJesus have passed moral judgment against the plaintiff and that he has suffered the following injuries as a result of this Civil Conspiracy:
    a. intentional infliction of emotional distress,
    b. pain and suffering,
    c. humiliation, and

    d. unlawful sanctions and withholding of a final resolution, owed to the Plaintiff.

5. Plaintiff alleges that, all defendants are equally culpable for injuries the plaintiff has suffered.

## Jurisdiction

6. This Court has jurisdiction over Plaintiff's federal claims under, 28 U.S.C. §§ 1331 and 1361; 5 U.S.C. §§ 702 and 706; *Loper Bright Enterprises v. Raimondo, 603 U.S. ___ (2024), 144 S. Ct. 2244.* [1]

7. This Court has jurisdiction, over any supplemental claim that may arise during litigation, under 28 U.S.C. § 1367.

8. Venue in the United States District Court for the District of Columbia is proper pursuant to 28 U.S.C. § 1391.

9. A Declaratory Judgment is proper pursuant to 28 U.S.C. § 2201.

## Parties

10. Plaintiff, Donald R. Cowan, is an individual who resides at 3768 SE 48th PL, Oklahoma City, Oklahoma 73135.

11. Defendant, Joel Taubenblatt, is the Wireless Telecommunications Bureau Chief.

12. Defendant, John Lockwood, is a Legal/Policy advisor for the Wireless Telecommunications Bureau.

13. Defendant, Cameron Duncan, is a Legal/Policy advisor for the Wireless Telecommunications Bureau.

14. Defendant, Kimia Nikseresht, is a Legal/Policy advisor for the Wireless Telecommunications Bureau.

15. Defendant, Mindy DeJesus, is a Management Analyst, for the Wireless Telecommunications Bureau.

16. Defendant, Federal Communications Commission, is an administrative agency of the United States of America, that defendants Joel Taubenblatt, John Lockwood, Cameron Duncan, Kimia Nikseresht, Mindy DeJesus worked at all times relevant hereto.

---

[1] The United States Supreme Court has held that The Administrative Procedure Act requires courts to exercise their independent judgment in deciding whether an agency has acted within its statutory authority, and courts may not defer to an agency interpretation of the law simply because a statute is ambiguous; Chevron v. Natural Resources Defense Council is overruled.

## Facts

17. The United States maintains control over all channels of radio transmission.[2]

18. Individuals may use these transmission channels for limited periods of time under specific licenses granted by a federal authority.[3]

19. The Federal Communications Commission ("FCC" or "Commission"), is the federal authority designated by Congress to issue such licenses for private operation of radio stations.[4]

20. Licenses are granted upon application if it serves "the public convenience, interest, or necessity."[5]

21. This determination involves weighing many factors, one of which is the applicant's character qualifications to hold a license.[6]

22. The FCC announced its first Policy Regarding Character Qualifications in Broadcast Licensing over forty years ago.[7]

23. In that 1981 publication, the FCC noted that it had been weighing applicants' character "[w]ithout . . . clear guidelines," which had inadvertently led to inconsistent character determinations.[8]

24. By 1986, the FCC had established a comprehensive character policy statement.[9]

25. By 1991, the Commission concluded that consideration of a broader range of criminal conduct was appropriate.[10]

---

[2] 47 U.S.C. § 301
[3] Id.
[4] Id. § 303(1).
[5] Id. § 307(a).
[6] Id. § 308(b) (discussing the requirements and conditions for a license, to include setting forth facts as to the applicant's character).
[7] See Policy Regarding Character Qualifications in Broadcast Licensing, Notice of Inquiry, 87 FCC 2d 836, 836-37 (1981).
[8] Id. at 836-37.
[9] Policy Regarding Character Qualifications in Broadcast Licensing; Amendment of Rules of Broadcast Practice and Procedure Relating to Written Responses to Commission Inquiries and the Making of Misrepresentations to the Commission by Permittees and Licensees, Report, Order and Policy Statement, 102 FCC 2d 1179 (1986).
[10] See Policy Regarding Character Qualifications in Broadcast Licensing, Amendment of Part 1, the Rules of Practice and Procedure, Relating to Written Responses to Commission Inquiries and the Making of Misrepresentations to the Commission by Applicants, Permittees, and Licensees, and the Reporting of Information Regarding Character Qualifications, Policy Statement and Order, 5 FCC Rcd 3252, 3252, ¶ 2 (1990), recon. On other grounds, 6 FCC Rcd 3448 (1991), modified on other grounds, 7 FCC Rcd 6564 (1992) (available at https://docs.fcc.gov/public/attachments/FCC-90-195A1.pdf) (noting that the 1986 Character Policy Statement "took an overly narrow view of the range of misconduct that should be relevant in licensing decisions covered by it").

26. More specifically, the FCC found that "a propensity to comply with the law generally is relevant to the Commission's public interest analysis," noting that "an applicant's or licensee's willingness to violate other laws, and, in particular, to commit felonies, also bears on [its] confidence that an applicant or licensee will conform to FCC rules and policies."[11]

27. Accordingly, the Commission found that consideration of an applicant's character must include whether the applicant has a felony conviction, "[b]ecause all felonies are serious crimes."[12]

28. Thus, "any conviction [of one] provides an indication of an applicant's or licensee's propensity to obey the law" and abide by Commission rules.[13]

29. Even with this finding, however, the Commission recognized that not all felony convictions are equally probative of an applicant's character.[14]

30. As a result, the Commission has identified eight mitigating factors, that are taken into account, namely: willfulness, frequency, currentness, seriousness, participation of station management, record of FCC compliance, efforts made to remedy the wrong, and rehabilitation.[15]

31. On September 18, 2023, Petitioner applied to the FCC, application file No. 0010699073, for an amateur radio station license and noted his past felony conviction for manslaughter.[16]

32. September 29, 2023 Petitioner received an email response from Defendant Mindy DeJesus within the Wireless Telecommunications Bureau stating that:

> *"With regard to the disclosed felony on your application, the Commission is reviewing its policies regarding certain types of offenses, and your application is in that category. Until the Commission completes its review and determines how to address such matters, this application will remain pending."* [17]

---

[11] Id. ¶ 3.
[12] Id. ¶ 4.
[13] Id.
[14] Id. ¶ 5
[15] Id.
[16] Petitioners FCC Application and his attached Felony Statement are available at https://wireless2.fcc.gov/UlsApp/ApplicationSearch/applMain.jsp?applID=14268979
[17] See "Email Chain", attached hereto.

33. With said email response, defendants, Joel Taubenblatt, John Lockwood, Cameron Duncan, Kimia Nikseresht, and Mindy DeJesus have admitted that Plaintiff's application presents "a substantial and material question of fact" as to whether or not the public interest will be served by granting Plaintiff a license to operate an amateur radio station.

34. The email response in question is attached to this Complaint, and is relevant pursuant to Fed. R. Evid. 401.

35. 47 U.S.C. § 308(b) establishes that the Commission "shall set forth such facts as the Commission by regulation may prescribe as to the citizenship, character, and financial, technical, and other qualifications of the applicant to operate the station"

36. Hence, the Defendants elicited by agency rule, from the Plaintiff a presentation of "a substantial and material question of fact" by publication of 47 CFR § 73.4280, thus triggering the right to an administrative hearing and evaluation of "mitigating Factors", to be tried before an Administrative Law Judge, pursuant to 5 U.S.C. § 558(c) and 47 U.S.C. §§ 309(a), (d)(2), and (e).

37. Plaintiffs' acknowledgment of his prior felony conviction in his application to the Federal Communications Commission, is the direct result of the Commission requiring said affirmative answer under its authority granted by 47 U.S.C. § 308(b) and 47 CFR § 73.4280, thus triggering the procedural protections of 5 U.S.C. § 558(c) and 47 U.S.C. §§ 309(a), (d)(2), and (e).

38. The Goal of the Character Policy of the Federal Communications Commission is not to pass moral judgment on the Plaintiff, but to determine if the public interest will be served. [18]

## Claim 1

### 5 U.S.C. §§ 558, 702 and 706 – Against all Defendants

*<u>Plaintiff has suffered a legal wrongs due to agency action unlawfully withheld contrary to a constitutional guarantee, the imposition of sanctions without observance of procedure required by law and the imposition of a substantive rule in excess of statutory jurisdiction.</u>*

---

[18] *In the Matter of AUBURN Network, Inc.* MB Docket No. 21-20, Initial Decision, FCC 22D-01 - held that the goal of the Commission's character qualifications policy 'is not to pass moral judgment on applicants but, instead, to determine whether the public interest will be served.' The misdeeds of a public servant may indeed be relevant in gauging that person's ability to serve the public interest as an FCC licensee, but in this particular case and under these particular circumstances, the evidence presented does not satisfy the burden of proof. Accordingly, the licenses of Auburn Network will not be revoked.

39. Plaintiff incorporates the preceding paragraphs by reference as if fully rewritten herein.
40. Defendants Joel Taubenblatt, John Lockwood, Cameron Duncan, Kimia Nikseresht, Mindy DeJesus at all times relevant hereto, were acting under color of law pursuant to purported policies, procedures, and regulations, of defendant Federal Communications Commission.
41. Defendants Joel Taubenblatt, John Lockwood, Cameron Duncan, Kimia Nikseresht, Mindy DeJesus have passed moral judgment against the plaintiff, in violation of the supremacy clause of the United States Constitution, and in doing so has run afoul of their ministerial duty to process Plaintiffs application, as required pursuant to 5 U.S.C. § 558(c) and 47 U.S.C. §§ 309(a), (d)(2), and (e).
42. Defendants, Joel Taubenblatt, John Lockwood, Cameron Duncan, Kimia Nikseresht, and Mindy DeJesus, with a meeting of the minds, civilly conspired to deprive Plaintiff of his Due Process guarantees and procedural protections guaranteed to him under the Fifth Amendment to the United States Constitution as incorporated and applied to the defendants by way of 5 U.S.C. § 558(c), and 47 U.S.C. §§ 309(a), (d)(2), and (e).
43. Defendants, Joel Taubenblatt, John Lockwood, Cameron Duncan, Kimia Nikseresht, and Mindy DeJesus carried out said Civil Conspiracy against the Plaintiffs Due Process rights guaranteed to him under the Fifth Amendment to the United States Constitution as incorporated and applied to the defendants by way of 5 U.S.C. § 558(c), and 47 U.S.C. §§ 309(a), (d)(2), and (e), by unlawfully adopting a "General Deferral Policy" [19] to prevent Plaintiff from obtaining appropriate relief such as, granting of the license, 5 U.S.C § 551(11)(A), or referral to an administrative law judge, 5 U.S.C § 551(11)(C), for resolution of "a substantial and material question of fact" as to whether or not the public interest will be served by granting said license, thus
44. The defendants conduct constitutes "actions unlawfully withheld" [20] and "sanctions" as defined by 5 U.S.C §§ 551(10)(B), 11(A),11(B), 11(C), all of which are a "legal wrong"

---

[19] See Paragraph 32 of this Complaint.
[20] 5 U.S.C § 706(1)

[21] and exceeds the prohibition against unlawful exercise of power and authority, as outlined in 5 U.S.C. § 558(b), thus

45. The defendants conduct further violates the supremacy clause of the United States Constitution, and runs afoul of the Defendants Ministerial Duty to refer Plaintiffs application for administrative hearing as required pursuant to 5 U.S.C. § 558(c) and 47 U.S.C. §§ 309(a), (d)(2), and (e).

46. On May 1, 1991 defendant Federal Communications Commission previously addressing this exact issue, 47 CFR § 73.4280(c), declared in a published Memorandum Opinion and Order, 6 FCC Rcd No. 12, 3448 ¶ 15-16, that it will not adopt a "general deferral policy" [22], and with full knowledge that adopting such a "policy" would violate the supremacy clause of the United States Constitution; violate 5 U.S.C. § 558(b), and run afoul of the procedural protections of 5 U.S.C. § 558(c) and 47 U.S.C. §§ 309(a), (d)(2), and (e), the

47. Defendant, Federal Communications Commission, has intentionally violated the supremacy clause of the United States Constitution, because it has failed to adopt clear policies, procedures, and regulations, as required by 47 U.S.C. § 308(b) and 5 U.S.C. §§ 551-559, and has failed to properly train the Defendants Joel Taubenblatt, John Lockwood, Cameron Duncan, Kimia Nikseresht, Mindy DeJesus as to statutorily required, procedural and substantive due process requirements, when dealing with an applicant whom submits an application that presents "a substantial and material question of fact".

48. The Commission and defendants, collectively, and in violation of the supremacy clause of the United States Constitution, have ignored their ministerial duty, to ensure the fundamental right "to procedural and substantive due process of law" guaranteed by the Fifth Amendment to the United States Constitution as incorporated and applied to the Federal Communications Commission by way of 5 U.S.C. § 558(c) and 47 U.S.C. §§ 309(a), (d)(2), and (e), is upheld.

---

[21] 5 U.S.C. § 702 - Right of review.
[22] See Memorandum Opinion and Order, 6 FCC Rcd No. 12, 3448 ¶ 15-16, In the Matter of Policy Regarding Character Qualifications in Broadcast Licensing Amendment of Part 1, the Rules of Practice to written Responses to Commissions Inquiries and Making of Misrepresentations to the Commission by Applicants, Permittees, and Licensees, and the Reporting of Information Regarding Character Qualifications (1991) -Available at https://docs.fcc.gov/public/attachments/FCC-91-146A1.pdf

49. Defendant Federal Communications Commission, has invoked the "necessary and proper clause" (U.S. Const. Article I, Section 8, Clause 18) to justify its decision to expand the Character policy to include consideration of criminal conduct that falls outside of the legitimate scope of the Communications Act, 47 CFR § 73.4280, hence the Commission decision is arbitrary and capricious, thus for any Court to hold that 47 U.S.C. § 308(b) grants the Commission authority to enact any legislation that it "deems is necessary and proper" would otherwise violates the Supremacy Clause of the United States Constitution, as that enumerated power is exclusively reserved to the United States Congress.

## Prayer for Relief

50. WHEREFORE, Plaintiff prays for the following relief:
    a. On Claim 1 a declaratory judgment, Writ of Mandamus, and a Writ of Prohibition/Injunction, to wit:
        i. Plaintiff seeks a declaratory judgment that 47 CFR §§ 73.4280(b), (C), and (D) violates the Supremacy clause of the United States Constitution, and that 5 U.S.C. § 558(c) and 47 U.S.C. §§ 309(a), (d)(2), and (e), confers on the defendants a ministerial duty as opposed to a discretionary duty, to take appropriate procedural action and/or to refer Plaintiff's application to an administrative law judge, for resolution of the "substantial and material question of fact" as to whether or not the public interest will be served by granting plaintiffs application for an amateur radio station license, and
        ii. a Writ of Mandamus protecting and enforcing said declaratory judgment by ordering the same, and
        iii. a Writ of Prohibition/Injunction to prevent further, future, and continuing misconduct, by the defendants on this specific fact pattern. Further ordering that every pending "initial" and or "new application" for an amateur radio license dating back to January 1, 2017, that defendants have "benched" as "pending" because of this unlawful "general deferral policy", shall be immediately resolved by proper procedural actions, as there are approximately 200 or so applications meeting this category, namely those who presented prior felonies for various sex crimes and or

various other crimes against persons, and further declaring that every applicant, regardless of category of criminal offense, is entitled to procedural protections, the right to be heard in an administrative hearing, the right to present evidence of mitigating factors in an administrative hearing, and the right to have proper resolution of their claims, applications, and or petitions that are plead and presented to their Government, the United States of America, ex rel. the Federal Communications Commission.

    b. Taxation of cost pursuant to 28 U.S.C. § 1920 and or pursuant to 5 U.S.C. § 504,

    c. A judgment against the defendants for cost pursuant to 28 U.S.C. § 2412, and

    d. Any other relief that this Court deems is necessary and just.

### Certification and Closing

51. Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint:

    e. is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;

    f. is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law;

    g. the factual contentions have evidentiary support or, if specifically, so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and

    h. the complaint otherwise complies with the requirements of Rule 11.

Respectfully Submitted,

*[signature: Donald R. Cowan]*

Donald R. Cowan, B.S.
Pro Se, for the Plaintiff
3768 SE 48th PL
Oklahoma City, OK 73135-2033
(405) 708-1756