UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

## STANDING ORDER IN CIVIL CASES

**THIS ORDER CONTROLS THIS CASE**

To help "secure the just, speedy, and inexpensive determination of" this action, FED. R. CIV. P. 1, the parties are hereby **ORDERED** to comply with the following directions:

1. **REMOVED ACTIONS**

   a. A defendant removing an action to this Court must refile any answer filed before removal and promptly ensure that all parties receive a copy of this Standing Order.

   b. Any motion pending in the court from which the case is removed at the time of removal must be refiled in this Court by the party seeking relief. *See* FED. R. CIV. P. 81(c)(2). Motions that are not refiled will be deemed withdrawn and not considered.

2. **TRANSFERRED ACTIONS**

   a. Any motion pending and unresolved in the court from which the case is transferred at the time of transfer must be refiled in this Court by the party seeking relief ***within seven days*** after the transfer order is filed in this Court's docket. Motions that are not refiled will be deemed withdrawn and not considered.

   b. A defendant who did not answer the complaint before transfer must answer or make any motion otherwise authorized under Federal Rule of Civil Procedure 12 ***within twenty-one days*** after the transfer order is filed in this Court's docket.

3. **COMMUNICATIONS WITH CHAMBERS**

   Except as authorized in this Order, the parties may not contact Chambers by telephone. If extraordinary circumstances or emergencies so require, however, counsel may contact Chambers jointly via telephone conference. Chambers will not provide legal advice of any kind.

4. **INITIAL STATUS CONFERENCE AND ISSUANCE OF SCHEDULING ORDER**

   a. After an answer is filed, for those cases covered by Federal Rule of Civil Procedure 26(f) and Local Civil Rule 16.3, the Court will set an Initial Scheduling Conference and order the parties to meet and confer to discuss the matters set forth in Local Civil Rule 16.3(c), and to jointly file a report addressing them.[1] Following the Initial Scheduling Conference, the Court will issue a Scheduling Order governing further proceedings in the case.

---

[1] The Local Civil Rules are available at http://www.dcd.uscourts.gov/court-info/local-rules-and-orders/local-rules.

    b. As part of the joint report, the parties shall propose three alternative dates for a trial in the matter. The Court will set a trial date as part of its Scheduling Order. The trial date *will not be extended* absent extraordinary cause, i.e., the legal equivalent of Armageddon. Counsel should plan accordingly.

**5. FILING GUIDELINES**

    a. <u>Courtesy Copies</u>. Counsel for the moving party shall provide Chambers, not the Clerk's Office, with **two** printed courtesy copies, with ECF headers, of any electronic submission that, along with exhibits, numbers fifty (50) pages or more in total length.

        i. <u>Briefs</u>:

            A. Chambers' copies should not be submitted until briefing is complete and should include any oppositions, replies, or sur-replies. For dispositive motions, the operative complaint should be included.

            B. Briefs and exhibits shall be indexed and tabbed for ease of reference. Pages should be **double-sided** and in either black and white or greyscale, unless color would aid the Court's review (e.g., charts and photographs).

            C. The Court prefers A5 coil-bound courtesy copies; however, the Court will also accept three-ring binders (no larger than two-inch). Before providing any courtesy copy that would exceed three coil-bound copies or three two-inch binders, counsel shall contact Chambers for instruction.

            D. *Pro se*, *in forma pauperis*, and incarcerated plaintiffs are excused from providing courtesy copies.

        ii. <u>Key Cases</u>: The moving party shall also provide **one** jointly-prepared, three-ring binder comprised of key cases. The cases should be tabbed and in alphabetical order, and the binder should include an index. Pages should be **single-sided**.

    b. <u>Exhibit Index</u>. Each submission that attaches more than one exhibit shall contain an index of exhibits. Exhibits shall be edited properly to exclude irrelevant material and to direct the Court's attention to the pertinent portions.

    c. <u>Attachments</u>. Each attachment to a filing (e.g., supporting memorandum, statement of material facts, exhibit, affidavit, and proposed order) must be filed as a separate PDF and appropriately labeled in ECF. If the document has its own pagination, it should be a separate attachment.

    d. <u>Joint Status Reports</u>. In FOIA cases, if the parties agree on providing updated status reports to the Court, the parties should inform the Court of their schedule. If the Court does not enter an order to the contrary, the parties should proceed to provide status reports per the agreed-upon schedule.

6. **APPEARANCES BEFORE THE COURT**

   a. Attorneys are expected to treat ***all*** courtroom staff, opposing counsel, and parties with civility and respect.

   b. Absent leave of Court, the attorney who will serve as principal trial counsel must appear at all conferences with the Court.  Any attorney appearing before the Court must enter a notice of appearance on ECF.

   c. All attorneys appearing before the Court must have authority to bind the party they represent consistent with the proceeding (for example, by agreeing to a discovery or briefing schedule), and should be prepared to address any matters likely to arise at the proceeding.

   d. The Court encourages the participation of less experienced attorneys in all proceedings—including pretrial conferences, hearings on discovery disputes, oral arguments, and examinations of witnesses at trial—particularly where that attorney played a substantial role in drafting the underlying filing or in preparing the relevant witness.  The Court will be more likely to grant a request for oral argument if doing so would afford the opportunity for a junior attorney to gain courtroom experience.

7. **MOTIONS – GENERALLY**

The parties shall comply with the following instructions when briefing any motion.  Motions filed not in compliance with this Standing Order may be rejected by the Court.

   a. <u>Format</u>.  Motions and submissions should be double-spaced, in 12-point, Times New Roman font, with page numbers and margins of no less than 1 inch, and two spaces between sentences.[2]  All citations must include exact page references (pin citations).  Absent leave of the Court, memoranda of points and authorities in support of, and in opposition to, motions may not exceed 45 pages, and reply memoranda may not exceed 25 pages.  *See* LCvR 7(e).  All electronically filed documents are to be in text-searchable Portable Data Format ("PDF").  Likewise, exhibits that must be scanned because they exist only in paper format should, if possible, be submitted as text-searchable files using Optical Character Recognition ("OCR") technology, available in Adobe Acrobat.

---

[2] The Court is mindful of the raging debate spaces between sentences engenders.  *See* James Hamblin, *The Scientific Case for Two Spaces After a Period*, The Atlantic (May 11, 2018).  Team Two Spaces champions improved readability and processing speed.  *See* Rebecca L. Johnson, et al., *Are two spaces better than one? The effect of spacing following periods and commas during reading*, 80:6 ATTENTION, PERCEPTION, & PSYCHOPHYSICS, 1504–11 (2018).  Team One Space questions the science and notes that two space use is the monospaced font relic of a bygone era.  *See* Angela Chen, *Please don't use this study to justify your horrible habit of using two spaces after periods*, The Verge (Apr. 28, 2018).  Personally finding that one space use makes documents impenetrable, the Court sides squarely with Team Two Spaces.

b. <u>Tables</u>.  Every memorandum of points and authorities that is ten pages or longer in length must contain a Table of Contents and Table of Authorities, regardless of whether it is filed in support of or in opposition to a motion.

c. <u>Sur-Replies</u>.  A party may not file a sur-reply without first obtaining leave of the Court and may do so only upon a specific showing of good cause.  Any motion for leave to file a sur-reply shall *not* be accompanied by a copy of the sur-reply that the party wishes to file.

d. <u>Supplemental Authorities</u>.  A party may bring supplemental authorities to the Court's attention without seeking prior leave of the Court but should refrain from using the submission of supplemental authorities as an opportunity to reargue issues or to respond to arguments made in an opposing brief.  Although the submission of supplemental authorities should not be made by letter to the Clerk, but rather in a pleading filed in the usual manner, the parties are otherwise directed to follow the procedures set forth in Federal Rule of Appellate Procedure 28(j).

e. <u>Proposed Orders</u>.  A proposed order should be submitted whenever a party requests relief from the Court, including for matters as routine as proposing a new date for a joint status report (with an exception for FOIA cases, as noted above, *supra* Section 5.d).  Proposed orders should be filed on the docket as a PDF attachment to the corresponding motion, and counsel must also submit proposed orders to the Court by emailing a **Microsoft Word version of the draft** to reyes_proposedorders@dcd.uscourts.gov.  The subject line of the email must include (1) the case name; (2) the case number; (3) the docket number of the corresponding motion; and (4) the title of the order that is proposed as indicated on the Notice of Electronic Filing.  Counsel must serve a copy of a proposed order on all other parties by copying them on the email to the Court.  Unless the Court directs otherwise, a party must file a motion asking the Court to enter the proposed order.  Submitting a draft to the Court's proposed order inbox is not a substitute for a motion.  The Court will consider proposed orders when ruling on motions, but will modify (or disregard altogether) such proposed orders as it deems appropriate, even if all parties agree on the proposed order.  Proposed orders (such as stipulated protective orders) require Court approval before they are in effect.

f. <u>Pre-Motion Conference</u>.  If a party wishes to file a dispositive motion, it must request that the Court schedule a pre-motion conference.  To so request, the moving party shall submit a short notice via ECF, not to exceed **four** double-spaced pages in length, setting forth the basis for the anticipated motion, including the legal standards and the claims at issue.  Other parties shall respond by filing, within one week, a document of similar length setting forth their anticipated responses to the proposed motion.  The Court will review and discuss with counsel the anticipated motion at the pre-motion conference**,** which will take place in-person unless the Court grants permission to hold the conference by video.  The parties should contact Judge Reyes' Courtroom Deputy to schedule the conference for a date 1-2 weeks after the response is filed.  This requirement shall not apply to incarcerated *pro se* litigants or immigration mandamus cases.

    For motions to dismiss under Federal Rule of Civil Procedure 12(b), the filing date of the letter will serve as the operative date for determining compliance with Rule 12's timing requirement.

g. <u>Oral Argument</u>.

    i. A party may include a request for oral argument in its motion, opposition, or reply papers and, if this request is granted, counsel will be advised of the argument date. *See* LCvR 7(f). ***See supra* ¶ 6(d) for further information concerning oral argument.**

    ii. The Court understands that, for reasons passing understanding, not all counsel are fans of the Boston Red Sox. Counsel should be aware, however, that the Court may reference key moments in Red Sox history during oral argument. References may include: (a) Dave Roberts's steal; (b) Carlton Fisk's walk-off homerun; (c) Ted Williams's final at-bat;[3] and, *inter alia*, (d) David Ortiz's "this is our [bleep] city" speech. Any reference to Game 6 of the 1986 World Series is strictly prohibited.

    iii. Upon arrival to the courtroom, counsel may share their preferred pronouns with the Courtroom Deputy.

h. <u>Duty to Confer Regarding Non-Dispositive Motions</u>. Local Civil Rule 7(m), which requires counsel to confer before filing a non-dispositive motion and to include in the motion confirmation that such conferral occurred and a statement whether the motion is opposed, will be strictly enforced. *See* LCvR 7(m). The Court expects counsel to exhaust efforts to confer before bringing before it any such dispute. An adequate certificate of conference almost always requires at least two personal communications between counsel. Un-responded to emails are not enough to satisfy counsel's obligations under this Rule. Failure to comply fully with Local Civil Rule 7(m) when filing a non-dispositive motion will result in the motion being stricken and may also result in further sanctions.

i. <u>Motions to Amend Pleadings</u>. Any amended pleading shall be accompanied by a redline comparison between the original and the amended or proposed amended pleading.

j. <u>Motions for Summary Judgment</u>. This Court strictly enforces Local Civil Rule 7(h) when resolving motions for summary judgment and will "assume that facts identified by the moving party in its statement of material facts are admitted, unless such a fact is controverted in the statement of genuine issues filed in opposition to the motion." LCvR 7(h); *see also* FED. R. CIV. P. 56(e).

    i. Pursuant to Local Civil Rule 7(h)(1), the moving party shall include a separate document entitled **Statement of Material Facts Not in Dispute.** This document shall be formatted as a two-column table. In the left column, the moving party shall list in separately numbered rows concise statements of each material fact it

---

[3] The Court recommends to the reader John Updike's classic, *Hub Fans Bid Kid Adieu*. As Garrison Keillor has highlighted, "No sportswriter ever wrote anything better."

      contends is not in dispute, supported by appropriate citations to the record. The statement must contain only one undisputed factual assertion per numbered row.

        i. Following the filing of this document with the Court, the moving party shall promptly provide an electronic copy in editable format to the opposing party.

        ii. In response, the opposing party shall file a separate document entitled **Counter-Statement of Disputed Facts**. The opposing party shall indicate in the right column whether each corresponding fact in the left column is admitted or denied, and for those denied, provide appropriate citations to the record. If the fact is admitted in part and denied in part, the opposing party shall specifically identify which parts are admitted and which are denied, with appropriate citations to the record.

        iii. If the opposing party has additional facts that are not directly relevant to its response to a specific paragraph, it must identify such facts in consecutively numbered rows in the right-hand column at the end of its responsive statement of facts.

        iv. At the end of the **Counter-Statement of Disputed Facts**, the opposing party shall list the material facts as to which the opposing party contends there is a genuine issue of material fact for trial in the right column in consecutively numbered rows.

        v. Following the filing of this document with the Court, the opposing party shall promptly provide an electronic copy in editable format to the moving party.

        vi. In response, the moving party shall file a separate document entitled **Reply to Counter-Statement of Disputed Facts**, responding with appropriate citations in the left column to the additional facts.

        vii. The parties are cautioned that failure to comply with this requirement may result in the denial of the motion without prejudice or may result in the Court concluding that facts are not properly controverted and thus undisputed.

k. <u>Motions to Seal</u>. A party must submit a redacted version, suitable for filing on the public docket, of any document that it proposes to seal at the same time the party files a motion to seal. If a party believes that all portions of a sealed document must remain sealed, the party must specifically notify the Court of that belief at the time of filing the motion to seal.

l. <u>Motions to Seal Relying on Protective Orders</u>. Parties may not rely solely on designation under a protective order to file documents under seal. Even when a protective order has been issued in a case, the Court cannot abdicate its responsibility to determine whether filings should be made available to the public, applying the test articulated in *United States v. Hubbard*, 650 F.2d 293 (D.C. Cir. 1980). Before moving to file under seal materials subject to a protective order, the moving party must confer with the opposing party and provide the results of that conferral process in the motion to

seal, as well as analysis of the relevant *Hubbard* factors warranting sealing, to ensure that any requested sealing is appropriate under *Hubbard*.

m. <u>*Pro Se* Parties</u>.  In a case involving a *pro se* party, electronic filing procedures will be followed by parties represented by counsel only.  Absent separate order of the Court, the party appearing *pro se* shall continue to file documents in paper form with the Clerk's Office.  Parties represented by counsel must serve documents upon *pro se* parties in paper form.

n. <u>Requests Other Than Ultimate Relief Referenced in Complaint</u>.  Requests other than for ultimate relief that are referenced in the Complaint, such as requests for an extension of time to seek class certification or for a temporary restraining order, shall be made in a motion separate from the Complaint.  *See, e.g.*, LCvR 75.1(a).  Such motions shall be accompanied by a statement of the specific points of law and authority that support the motion, including, where appropriate, a concise statement of facts.  LCvR 7(a).

## 8. MOTIONS FOR RECONSIDERATION

Motions for reconsideration are strongly discouraged.  The Court will not entertain a motion that (a) reasserts arguments previously raised and rejected by the Court or (b) raises for the first time arguments that should have been advanced in the original motion.

## 9. MOTIONS FOR EXTENSION OF TIME OR RESCHEDULING HEARING

a. <u>Motion Required</u>.  Extensions or enlargements of time will be granted only upon motion, ***and not upon stipulation by the parties***.  Motions for extensions of time or for continuances of court proceedings are strongly discouraged.  Counsel and parties should work within the time frames set by the Scheduling Order.

b. <u>Timing and Content</u>.  When good cause is shown, the Court will consider a motion for time extension or continuance of a proceeding that is filed **at least 4 days prior** to the deadline and states:
    i. the original date of the deadline the motion is seeking to extend or the date of the scheduled hearing the motion is seeking to continue;
    ii. the number of previous extensions of time or continuances granted to each party;
    iii. the good cause supporting the motion;
    iv. the effect, if any, that the granting of the motion will have on existing deadlines;
    v. for motions, suggested deadlines (reached in consultation with the opposing party) for the filing of any opposition and reply papers; for continuances, three alternative dates and times that are convenient to all parties; and
    vi. the opposing party's position on the motion, including any reasons given for refusing to consent, *see* LCvR 7(m).

c. <u>Opposition</u>.  A party opposing a motion for an extension of time or continuance of a scheduled hearing date must file, **by 5:00 PM of the business day after the motion is filed, the party's reasons for opposing the motion**.  If no such explanation is provided to the Court within this time frame, the motion shall be deemed conceded.  Informing the opposing party that the motion for an extension or continuance is opposed **does not constitute an explanation to the Court**.

    d.   <u>Untimely motions</u>. Untimely motions for an extension must contain an explanation for the failure to comply with the four-day rule. Untimely motions will be denied absent compelling cause.

10. **DISCOVERY DISPUTES**

    a.   <u>Telephone Conference</u>. The Court expects the parties to follow the requirements of Federal Rule of Civil Procedure 26 and Local Civil Rule 26.2. Before bringing a discovery dispute to the Court's attention, the parties must confer in good faith in an attempt to resolve the dispute informally. If unable to resolve the dispute informally, the parties shall jointly prepare a ***short*** email to send to the Court, at Reyes_Chambers@dcd.uscourts.gov, requesting a teleconference with the Court and including a clear, concise description of the issues in dispute, an explanation of the parties' positions with citations, and responses to opposing arguments.

    b.   <u>Leave of Court Required</u>. Before filing a motion relating to a discovery dispute, a party must obtain leave of the Court. Failure to comply with this requirement may result in any such motion being stricken.

11. **SETTLEMENT**

The Court expects the parties to evaluate the case for purposes of settlement. Toward that end, the parties may, by motion, request referral for mediation to a Magistrate Judge or the Court's mediation program. The parties may also seek relief, by motion, from a Scheduling Order for arbitration, early neutral evaluation, or any other form of alternative dispute resolution that may be tailored to the needs of the case. If the case settles, in whole or in part, plaintiff's counsel must promptly file a notice with the Court.

12. **JOINT PRETRIAL STATEMENT**

    a.   <u>Timing</u>. The parties must file with the Court a Joint Pretrial Statement ***at least 14 days before the final pretrial conference unless the Court sets another filing date***. *See* LCvR 16.5(a).

    b.   <u>Contents</u>. In accordance with Local Civil Rule 16.5(b), (d), and (e), the Joint Pretrial Statement must include:

        i.   <u>a one-paragraph joint statement of the case</u> that is appropriate to be read to the jury and describes the nature of the case and the identities of the parties;

        ii.   <u>the estimated length</u> of the evidentiary portion of the trial;

        iii.   <u>a statement of claims</u> setting forth each claim a party has against any other party and the statutory basis of the Court's jurisdiction for all causes of action;

        iv.   <u>a statement of defenses</u> setting forth each defense raised by a party to a claim asserted against it;

    v.    <u>a list of witnesses</u> (including expert and potential rebuttal witnesses) anticipated to be called by each party, accompanied by a brief description of each witness's expected testimony and the anticipated time for such testimony on direct, followed by specific objections (if any) to each witness;

    vi.    <u>a list of exhibits</u> that each party intends to offer during trial and separately identifying exhibits that may be offered if the need arises, followed by specific objections (if any) to each exhibit, which exhibit list shall be in a format with six columns, with separate headings for: (1) exhibit number, (2) description of exhibit, (3) marked for identification, (4) admitted in evidence, (5) objection, and (6) witness/date;

    vii.    <u>a designation of depositions</u>, or portions thereof, to be offered into evidence by each party.  To facilitate the Court's review and ensure clarity of the record regarding the Court's ruling on each objection posed by any party to the opposing party's transcript designation or cross-designation, any objections to a designation shall be set out in a chart for each deposition, which chart shall be in a format with eight columns that identifies, for each transcript designation to which objections are lodged, IN TRANSCRIPT PAGE NUMBER ORDER: (1) the sequential number to be associated with the objection; (2) identification of the page and line of the transcript designations offered; (3) the party offering the transcript designation; (4) the party objecting to the transcript designation; (5) the Federal Rule of Evidence relied upon for the objection and a brief explanation by the objecting party; (6) a brief rebuttal by the proponent of the transcript designation; (7) a column, which the parties shall leave blank, with the heading "Sustained"; and (8) a second column, which the parties shall leave blank, with the heading "Overruled";

    viii.    <u>an itemization of damages</u> setting forth each element of damages and the monetary amount thereof (including prejudgment interest, punitive damages, and attorney's fees) sought;

    ix.    <u>a description of other relief</u> sought by each party;

    x.    <u>stipulations</u> concerning authenticity of documents, admissibility of exhibits or testimony, or undisputed facts;

    xi.    <u>a description of each specific item of demonstrative evidence, physical evidence, or videotape evidence</u> that will be offered at trial and any objections; and

    xii.    <u>a list of any motions *in limine*</u> that are pending to address issues the parties reasonably anticipate will arise at trial.  ***See infra* ¶ 14 regarding the timing for briefing on motions *in limine*.**

c.    <u>Jury Cases</u>.  In jury cases, the parties must submit as part of the Joint Pretrial Statement:

    i.    <u>proposed *voir dire* questions</u> that indicate:
        I.    the *voir dire* questions on which the parties agree; and

        II.    the *voir dire* questions on which the parties disagree, with specific objections noted below each disputed question and supporting legal authority (if any);

   ii.    <u>the text of each proposed jury instruction</u> that indicates:
        I.    the instructions on which the parties agree;
        II.    the instructions on which the parties disagree, with specific objections noted below each disputed instruction and supporting legal authority (if any); and
        III.    the proposed instruction's source (*e.g.*, Standardized Civil Jury Instructions for the District of Columbia) or, for modified or new instructions, the supporting legal authority.

   iii.    <u>a proposed verdict form</u>, as well as proposed special interrogatories (if any), that includes date and signature lines for the jury foreperson.

d. <u>Non-Jury Cases</u>. In non-jury cases, the plaintiff, or plaintiffs jointly, shall file proposed findings of fact and conclusions of law within one week of the close of evidence, and the defendant, or defendants jointly, shall file proposed findings of fact, which include specification of any facts proposed by the plaintiff that are admitted or controverted, and conclusions of law within one week of the close of evidence, unless otherwise ordered by the Court upon request of the parties.

## 13. PRETRIAL CONFERENCE

a. <u>Attendance</u>. In addition to parties' counsel, all parties or party representatives must be present at the Pretrial Conference.

## 14. MOTIONS IN LIMINE.

a. <u>Timing</u>. Motions *in limine* shall be **fully briefed at the time of filing of the parties' Joint Pretrial Statement**. Accordingly, the moving party's motion *in limine* and supporting memorandum shall be filed and served upon the opposing party **at least 21 days** before the Joint Pretrial Statement is due. The opposition shall be filed and served upon the moving party **within 14 days** of service of the motion *in limine*. Any reply shall be due **within 7 days** of service of the opposition. Oral argument on motions *in limine*, if necessary, shall occur at the Pretrial Conference.

b. <u>Format</u>. The Court does not accept omnibus motions *in limine*. Parties should file separate motions *in limine* for each discrete issue. The motions should be numbered in sequential order.

15. **JURORS**

    a. <u>Confidentiality</u>.  The names and personal information of prospective and sitting jurors in any trial of this matter shall be kept confidential and not disclosed outside of open court, except upon order of the Court.  *See* D.D.C. JURY SELECTION PLAN ¶ 18.1, available at https://www.dcd.uscourts.gov/jury-selections.  Counsel and parties are cautioned that violation of this directive may result in contempt proceedings.

**SO ORDERED**.

*/s/ Ana C. Reyes*
ANA C. REYES
United States District Judge
