# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Donald R. Cowan,  )  | |
|     Plaintiff,  ) | |
| ) | |
|     v.  ) | Case No. 1:24-CV-03099-ACR |
| ) | |
| Federal Communications Commission, et al.  ) | |
| ) | |
| ) | |
| Defendants.  ) | |

**PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTIONS FOR ENLARGEMENT OF TIME AND CROSS-MOTION FOR REFERRAL TO MANDATORY ALTERNATIVE DISPUTE RESOLUTION (ADR)**

Plaintiff Donald R. Cowan respectfully submits this Opposition to Defendant Federal Communications Commission's ("FCC") Motion for Enlargement of Time (ECF No. 42). Plaintiff further **opposes any request by the State Defendants** for an extension of time for the same reasons stated herein. Plaintiff **Cross-Moves** the Court for an Order staying all dispositive deadlines for ninety (90) days and referring this matter to the Court's ADR Program for an Early Settlement Conference.

**I.  PRELIMINARY STATEMENT: THE DISCARDED PLAYBOOK**

This case presents a unified, two-front constitutional attack involving a state criminal conviction (the "Upstream Cause") and a resulting federal licensing restraint (the "Downstream Injury"). Defendants' request for an extension is a symptom of a deeper, systemic failure: a blind adherence to the **"Pro Se Institutional Bias" Playbook**. This outdated manual instructs government counsel to ignore the merits and default to a war of attrition.

However, that playbook is no longer valid.  While Defendants remain tethered to "paper warfare," Plaintiff has architected a sophisticated constitutional offensive that Defendants are seemingly incompetent to address outside of a Motion to Dismiss template.  While Plaintiff seeks a functional "Global Resolution" under the **Higher Authority of 28 U.S.C. §§ 516 and 519**, Defendants offer only institutional ego—choosing to sustain an 8-year Prior Restraint rather than take a seat at a table they did not set.

## II.  DEFENDANTS' HISTORY OF PROCEDURAL NON-COMPLIANCE

The Court should view these requests with skepticism.  The Federal Defendants have a documented history of violating this Court's directives, specifically **Section 7(f) of the Standing Order**, which requires mandatory conferral and a pre-motion conference.  As proven by the **Minute Order dated September 4, 2025**, the Court previously denied Defendants' Motion to Dismiss (ECF No. 25) and explicitly reminded Defendants that "all parties must follow the Court's pre-motion notice procedure."  This pattern of bypassing protocols confirms that the current requests are not for "good cause," but to prolong a strategy of procedural avoidance.

## III.  THE ACTUAL SERVICE DATE AND STANDING ORDER NO. 25-59

The request to extend deadlines to February 2026 is unsupported by the record and the Court's standing rules regarding the recent lapse in appropriations:

1. **Application of Standing Order No. 25-59:** Pursuant to **Standing Order No. 25-59 (JEB),** the default extension for the lapse in appropriations (October 1 to November 12, 2025) is the length of the lapse (43 days) plus ten days, totaling a 53-day extension from the original deadline.

2. **Calculated Deadline:** The United States Attorney for D.C. was served on **November 4, 2025** (ECF No. 33). Under **Fed. R. Civ. P. 12(a)(2)**, the 60-day window typically

concludes in early January. Even applying the generous formulas in Standing Order No. 25-59, the FCC has had ample "recovery time" since the restoration of appropriations on November 12, 2025.

3. **Unreasonable Delay:** The claim that Defendants require until February 2026—nearly three months after the restoration of funding—for "internal supervisory review" is a standard function that does not constitute the "good cause" required to deviate from the case-specific deadlines already established by this Court.

4. **Opposition to State Extension:** Plaintiff opposes any parallel extension for the State Defendants. They were served and must answer for the *ultra vires* enforcement of an unconstitutional statute without further delay.

## IV. OPPOSITION TO PROPOSED FRAGMENTATION AND JURISDICTIONAL CIRCULARITY

Defendants intend to seek a transfer to Oklahoma—a move presented for an **improper purpose under Rule 11(b)(1)** to complete a "circular jurisdictional hot potato":

1. **Venue is Proper in D.C.:** The Amateur Radio License is a **unique federal entitlement**, exclusively regulated by the FCC in this District. The State Defendants' conduct caused a direct tortious injury that materialized in D.C. Under **Ancillary (Pendent) Personal Jurisdiction**, this Court is the only forum that can resolve this integrated controversy.

2. **The Hobbs Act Mandate:** Transferring to a district court outside the D.C. Circuit would fragment the litigation and destroy the primary claim. Per *McLaughlin Chiropractic Associates, Inc. v. McKesson Corp.*, 145 S.Ct. 1928 (2025), the power to determine the validity of final agency orders remains exclusively with the Courts of Appeals.

## V. EVIDENCE OF LEGAL FUTILITY: INVOLUNTARY CONVERSION TO MSJ

Plaintiff has attached his completed **"Omnibus Opposition to Defendants' Motions to Dismiss and Cross-Motions for Relief"** to prove that any Motion to Dismiss is a wasteful expenditure of resources:

- **Rule 12(d) Conversion:** Plaintiff's fact-based opposition incorporates matters outside the pleadings. Any Rule 12(b)(6) MTD will trigger an **involuntary conversion to a Motion for Summary Judgment (MSJ)**, forcing a merits review and protracted discovery under **Rule 56(d)**.

- **Failure of Defenses:** The Omnibus establishes that the *Heck v. Humphrey* bar is inapplicable because Plaintiff lacks a habeas remedy, and that State Defendants lack sovereign immunity for their *ultra vires* acts. Furthermore, the Federal Defendants' anticipated reliance on *Heck* is legally terminal. Because Plaintiff lacks an available habeas remedy, the *Heck* bar is inapplicable as a matter of law. In addition, the FCC cannot rely on a state conviction maintained through the *ultra vires* acts of State Defendants to justify a **'Prior Restraint' on both Second Amendment rights and protected First Amendment Amateur Radio activity.** To allow the FCC to use *Heck* as a shield in this context would result in a total deprivation of judicial review for a unified constitutional injury, creating a **permanent chilling effect** on Plaintiff's protected speech and constitutional entitlements, violating the core tenets of the APA and the interest of justice.

## VI. CROSS-MOTION FOR COURT-FACILITATED SETTLEMENT CONFERENCE

Plaintiff moves for a **STAY** of dispositive deadlines for ninety (90) days and a **REFERRAL** to ADR (Standing Order, Section 11 at 8). Settlement protects the FCC from *de*

*novo* review under the **Major Questions Doctrine** and the potential stripping of ***Skidmore* deference** in a post-***Chevron*** landscape.

Plaintiff further requests a **WAIVER of the Pro Se Bar for mediation**—an exercise of this Court's discretion under **LCvR 84.4** and the **Court's Mediation Program Procedures**. This request is based on the Court's prior finding of Plaintiff's 'significant legal familiarity' (ECF No. 22). In the alternative, Plaintiff moves for the **APPOINTMENT of Limited Purpose Counsel** pursuant to **LCvR 83.11(b)(3)** and the **Civil Pro Bono Panel** rules, specifically to assist in the mediation process to ensure the integrity, technical finality, and enforceability of the Global Resolution.

## VII. RULE 7(m) CERTIFICATE OF CONFERRAL

Pursuant to Local Civil Rule 7(m), I hereby certify that I have conferred in good faith with counsel for the Federal Defendants and the State Defendants regarding the relief requested in the foregoing Cross-Motion for Referral to Mandatory ADR and Stay of Proceedings.

1. **Federal Defendants:** On December 18, 2025, Plaintiff conferred with counsel for the FCC. Counsel explicitly stated that the Federal Defendants oppose the request for ADR and a stay, and further indicated they have no counter-offer to the Plaintiff's proposed Global Resolution.

2. **State Defendants:** Plaintiff has provided notice of these proposed terms to counsel for the State Defendants. As of the time of this filing, the State Defendants have not signaled a willingness to deviate from their intent to seek a transfer of venue, which Plaintiff characterizes as a constructive opposition to the ADR process.

Despite these efforts, the parties have been unable to reach an agreement. Accordingly, the intervention of the Court through the ADR program is necessary to achieve a just and efficient resolution.

## CONCLUSION

The Motions for Enlargement of Time should be **DENIED**. The Court should **GRANT** this Cross-Motion and refer the parties to Mandatory ADR to resolve this eight-year administrative limbo.

Dated: December 20, 2025

Respectfully submitted,

*/s/ Donald R. Cowan*
Donald R. Cowan, B.S.
Criminal Justice Administration & Ethics
*(Constitutional & Procedural Law Focus)*
Pro Se for the Plaintiff
3768 SE 48th PL, Oklahoma City,
Oklahoma 73135 | (405) 708-1756
Email: Cowan.Radio@gmail.com

## CERTIFICATE OF SERVICE

I hereby certify that on this **December 20, 2025**, a true and correct copy of the foregoing **"PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTIONS FOR ENLARGEMENT OF TIME AND CROSS-MOTION FOR REFERRAL TO MANDATORY ALTERNATIVE DISPUTE RESOLUTION (ADR)"** was served upon all counsel of record in this case via the Court's Electronic Case Filing (ECF) system. The ECF system will generate and send a Notice of Electronic Filing (NEF) to the following parties and their counsel:

**Jesse S. Ogle** | Assistant Oklahoma Attorney General
Oklahoma Attorney General, OK Bar No. 34275
Attorney for Viki Behenna and Steven Kunzweiler
313 NE 21st Street, Oklahoma City, OK 73105
Telephone: 405.522.2921| jesse.ogle@oag.ok.gov

**Derrick A. Petit** | Assistant United States Attorney
Civil Division, U.S. Attorney's Office, D.C. No. 144466
Attorney for the Federal Communications Commission
601 D Street, NW, Washington, D.C. 20530
Derrick.Petit@usdoj.gov
(202) 252-7269


                                                                    */s/ Donald R. Cowan*
                                                                    Donald R. Cowan, B.S.
                                                                    Criminal Justice Administration & Ethics
                                                                    *(Constitutional & Procedural Law Focus)*
                                                                    Pro Se for the Plaintiff
                                                                    3768 SE 48th PL, Oklahoma City,
                                                                    Oklahoma 73135 | (405) 708-1756
                                                                    Email: Cowan.Radio@gmail.com