# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

Donald R. Cowan,               )
           Plaintiff,        )
                           )

              v.               )     Case No. 1:24-CV-03099-ACR
                           )
Federal Communications Commission, et al. )
                           )
                           )
Defendants.            )

## PLAINTIFF'S MOTION FOR RECONSIDERATION OF THE COURT'S DECEMBER 23, 2025 MINUTE ORDER

Plaintiff Donald R. Cowan respectfully moves this Court to reconsider its Minute Order dated December 23, 2025, denying Plaintiff's request for a court-facilitated settlement conference. Plaintiff seeks to resolve a procedural paradox and a logical fallacy created by the intersection of the Court's prior orders, which results in a denial of full due process.

## I. THE PROCEDURAL PARADOX

The Court has placed Plaintiff in an untenable legal position through two contradictory findings:

1. **Finding of Competence:** On July 10, 2025, the Court denied Plaintiff's Motion to Appoint Counsel, finding that Plaintiff "demonstrated adequate coherence in his pleadings," "displays familiarity with many legal principles," and is "sufficiently capable such that appointment of counsel is unnecessary".

2. **Finding of Ineligibility:** On December 23, 2025, the Court denied Plaintiff access to mediation—a critical component of the judicial process—specifically because Plaintiff is

proceeding *pro se* and "has not indicated that he will be represented by counsel for the purpose of mediation" per LCvR 84.4(c).

## II. ARGUMENT

### A. The Court's Discretion to Avoid Arbitrary Barriers to Access

Under the "Right of Access" doctrine recognized by the D.C. Circuit, procedural rules must be applied to facilitate, rather than frustrate, the resolution of claims.  See *In re: Bonner*, 936 F.3d 593 (D.C. Cir. 2019).  Because LCvR 84.4(c) is a discretionary "general" rule, applying it as a categorical bar in the face of the Court's specific findings of Plaintiff's competence constitutes an abuse of discretion and a denial of the "meaningful opportunity to be heard" required by the Fifth Amendment.[1]

### B. The Logical Fallacy and the Catch-22

The Court's orders cannot be reconciled.  If Plaintiff is competent enough to structure complex constitutional arguments and "cite to relevant statutes and case law", he is by extension competent enough to represent his own interests at a mediation table.  Conversely, if the Court maintains that Plaintiff is incapable of mediating without an attorney, then the Court's prior finding—that counsel is not merited because Plaintiff is "sufficiently capable"—is logically defeated. [2]

---

[1] The Supreme Court has long held that "the right of access to the courts is an aspect of the First Amendment right to petition the Government for redress of grievances." *Bill Johnson's Restaurants, Inc. v. NLRB*, 461 U.S. 731, 741 (1983). A procedural rule that conditions a critical stage of litigation (mediation) on a resource (counsel) that the Court has simultaneously ruled is unnecessary for this specific Plaintiff creates a barrier to that access.

[2] *See generally* Aristotle, *Metaphysics* IV (Gamma) 3–6 (defining the Law of Non-Contradiction: "It is impossible for the same thing at the same time to belong and not to belong to the same thing and in the same respect"). In the legal sphere, this principle is foundational to the "reasoned decision-making" required of the Judiciary. *See, e.g., State Farm Mut. Auto. Ins. Co. v. Campbell*, 538 U.S. 408, 418 (2003) (noting that arbitrary or internally inconsistent applications of law violate the Due Process Clause). The Court's current orders result in a logical

The Court must make a firm decision to ensure "the just, speedy, and inexpensive determination of this action":

- **Option A:** Recognize Plaintiff's found competence as a basis to waive the "general" *pro se* mediation bar under LCvR 84.4(c), allowing him to participate in ADR; or

- **Option B:** Acknowledge that the complexities of the mediation process require professional advocacy, thereby warranting the appointment of "limited purpose counsel" under LCvR 83.11(b)(3) to bridge the gap the Court has created.[3]

Maintaining the current "Catch-22" denies Plaintiff access to a standard function of this Court's resolution process solely due to a lack of resources, effectively punishing Plaintiff for the very competence the Court used to deny him an attorney.

## III. RULE 7(m) CERTIFICATE OF CONFERRAL

Pursuant to Local Civil Rule 7(m) and the Court's Standing Order, I hereby certify that I conferred with counsel for all Defendants regarding the relief requested in this motion. Counsel for the Federal Defendants and counsel for the State Defendants have stated that they **oppose** this motion.

## IV. CONCLUSION

Plaintiff respectfully requests the Court reconsider its Minute Order and either waive the mediation bar or appoint limited-purpose counsel to facilitate a settlement conference.

---

contradiction: the Plaintiff is simultaneously "sufficiently capable" for the purposes of self-representation yet "legally ineligible" for the purposes of mediation due to his *pro se* status.

[3] Under LCvR 83.11(b)(3), this Court has the authority to appoint counsel for "specific purposes," including mediation, discovery, or trial. If the Court determines that the complexities of the Mediation Program strictly require the presence of an attorney, such a limited appointment would resolve the current procedural impasse without disturbing the Court's finding that full-scale representation is not merited.

Dated: December 23, 2025

Respectfully submitted,

*/s/ Donald R. Cowan*
Donald R. Cowan, B.S.
Criminal Justice Administration & Ethics
*(Constitutional & Procedural Law Focus)*
Pro Se for the Plaintiff
3768 SE 48th PL, Oklahoma City,
Oklahoma 73135 | (405) 708-1756
Email: Cowan.Radio@gmail.com

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this **December 23, 2025**, a true and correct copy of the

foregoing ***"PLAINTIFF'S MOTION FOR RECONSIDERATION OF THE COURT'S***

***DECEMBER 23, 2025 MINUTE ORDER"*** was served upon all counsel of record in this

case via the Court's Electronic Case Filing (ECF) system. The ECF system will generate

and send a Notice of Electronic Filing (NEF) to the following parties and their counsel:

**Jesse S. Ogle** | Assistant Oklahoma Attorney General
Oklahoma Attorney General, OK Bar No. 34275
Attorney for Viki Behenna and Steven Kunzweiler
313 NE 21st Street, Oklahoma City, OK 73105
Telephone: 405.522.2921| jesse.ogle@oag.ok.gov

**Derrick A. Petit** | Assistant United States Attorney
Civil Division, U.S. Attorney's Office, D.C. No. 144466
Attorney for the Federal Communications Commission
601 D Street, NW, Washington, D.C. 20530
Derrick.Petit@usdoj.gov
(202) 252-7269

*/s/ **Donald R. Cowan***
Donald R. Cowan, B.S.
Criminal Justice Administration & Ethics
*(Constitutional & Procedural Law Focus)*
Pro Se for the Plaintiff
3768 SE 48th PL, Oklahoma City,
Oklahoma 73135 | (405) 708-1756
Email: Cowan.Radio@gmail.com