# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

Donald R. Cowan,                          )
　　　　Plaintiff,                          )
                                          )
　　　　v.                                  )     Case No. 1:24-CV-03099-ACR
                                          )
Federal Communications Commission, et al.  )
                                          )
                                          )
Defendants.                               )

**PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO STAY AND MOTION**

**FOR RULE 11 SANCTIONS**

Plaintiff Donald R. Cowan hereby opposes the Defendant's Motion to Stay [ECF No. 97] and moves for formal sanctions against the Department of Justice (DOJ) pursuant to **Fed. R. Civ. P. 11(b)(1)**. This motion is a bad-faith attempt to obstruct this Court's Article III authority and willfully ignore the briefing schedule and verbal orders already established by this Court.

**I.  THE MOTION TO STAY IS A "POUNDING THE TABLE" TACTIC FOR PROLONGED DELAY**

The Defendant seeks to stay its response to Plaintiff's Cross-Motion for Summary Judgment (MSJ) until 60 days after a ruling on its own Motion to Dismiss. This is a transparent effort to "pound the table" when neither the law nor the facts support their position. In the D.C. Circuit, the power to stay is "incidental to the power inherent in every court to control the disposition of the causes on its docket" (*Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936)). However, a stay is not a matter of right, and the movant must show a "clear case of hardship" (*Landis*, 299 U.S. at 255).

- **Ample Notice and Opportunity**: The DOJ acknowledges that the Cross-Motion for Summary Judgment has been on the docket since **March 31, 2026**.

- **Failure to Act**: The Defendant had more than sufficient time to brief an opposition and could have filed it concurrently with their Motion to Dismiss on May 4, 2026.

- **The "Personal Matter" Footnote**: While the undersigned counsel cites a personal family matter requiring absence until May 27, 2026, this does not excuse the failure to act during the preceding five weeks.

- **Comparative Diligence**: The Plaintiff previously filed **"PLAINTIFF'S NOTICE OF MEDICAL NECESSITY AND FORMAL REQUEST FOR REASONABLE ACCOMMODATIONS UNDER THE ADA AND REHABILITATION ACT"** ( ECF Doc. 81, 82), establishing that the Plaintiff—despite personal hardships—has consistently met all court deadlines while the Government seeks to freeze the clock.

- **Prejudice and Hardship**: The Plaintiff has already endured an administrative delay of **1,031 days**.  A stay creates more than a "fair possibility" of harm, which the D.C. Circuit prohibits without a showing of extreme necessity (*Basardh v. Obama*, 612 F. Supp. 2d 30, 33 (D.D.C. 2009)).

- **Contempt of Court Direction**: During the March 4, 2026, hearing, this Court explicitly asserted its right to determine its own jurisdiction, noting that such a determination would follow a comprehensive discussion of the merits.  Seeking a stay to avoid this "costly discussion" is a direct attempt to override this Court's inherent authority.

- **The "Analytical Accountability" Failure**: The Government is constrained to "apply faithfully the facts to the law" (*Miot v. Trump D.D.C. No. 2025-2471*, ECF No. 124, p. 83

). Seeking a stay while withholding the Administrative Record is an attempt to starve the record and prevent the Court from ruling on the merits.

- **Violation of the "Whole Record" Doctrine**: The Supreme Court holds that judicial review must be based on the **"whole record"** that was before the agency (*Citizens to Preserve Overton Park, Inc. v. Volpe*, 401 U.S. 402, 420 (1971)).  By withholding this record, the FCC seeks to prevent the Court from performing its essential function under the Administrative Procedure Act.

## II.  OBSTRUCTING THE DISCLOSURE OF STRUCTURAL VOIDS

The Defendant's request is designed to avoid addressing the "Structural Constitutional Failures" detailed in the MSJ and supporting exhibits:

- **The Phantom Statute**: The FCC's 1990 Policy defines "felony" by citing **18 U.S.C. § 1**, a statute **repealed in 1984**.  A policy built on a defunct law has zero "power to persuade" and is *per se* Arbitrary and Capricious.

- **The Major Questions Doctrine**: The 1990 radical extension of the Character Policy to include "non-nexus" conduct is a Major Question for which the Court owes no deference.

- **Conceded Facts**: Defendants failed to oppose the Motion for Entry of Findings; therefore, the "Void" status of the Oklahoma law is a conceded fact under **Local Rule 7(b)**.

## III.  ACCUSATION OF RULE 11 VIOLATIONS AND PRIOR NOTICE

Plaintiff formally accuses the Defendant and its counsel of violating **Federal Rule of Civil Procedure 11(b)(1)**.

- **Prior Safe Harbor Notice**: While a specific notice was not issued immediately prior to this filing, the Plaintiff previously served and filed a **Rule 11 Safe Harbor Notice** (ECF

No. 41) early in these proceedings.  The Defendant has been on formal notice that dilatory tactics would be met with a request for sanctions.

- **Improper Purpose**: Rule 11 sanctions are appropriate when a filing is used to "harass or to cause unnecessary delay or needless increase in the cost of litigation" (*Westmoreland v. CBS, Inc.*, 770 F.2d 1168, 1174 (D.C. Cir. 1985)).

- **Article III Interference**: The Defendant is attempting to "decouple" its jurisdictional authority from its statutory mandate, effectively telling this Court it cannot hear constitutional challenges until the Defendant grants itself permission to be sued.

## IV.  REQUEST FOR FORMAL SANCTIONS

The DOJ's repeated efforts to delay these proceedings constitute a direct affront to judicial economy.  Plaintiff requests:

1. **Immediate Denial** of the Motion to Stay.

2. **An Order** compelling the Defendant to abide by this Courts set schedule  and to file its response to the MSJ on or before  July 3, 2026.

3. **Formal Sanctions** against the Defendant for the willful use of dilatory "pounding the table" tactics to obstruct the vindication of Plaintiff's **First Amendment** right to redress in an Article III court [1], **Fifth Amendment Due Process Clause** guaranteeing a constitutionally sound process and equal protection, and the protection of Plaintiff's

---

[1] Plaintiff does not assert a fundamental "right" to a radio license in the abstract.  Rather, Plaintiff asserts a First Amendment right to a **constitutionally sound and predictable process** that does not function as an indefinite prior restraint.  Amateur radio is a regulated medium of protected speech; 47 C.F.R. § 97.111 and § 97.117 define the only legal avenues for this essential communication. The FCC's refusal to provide a final determination based on a repealed 1984 statute constitutes a structural failure of process that effectively silences the speaker before they can begin. This is an injury to the **right of redress** and **due process**, not merely a dispute over a license.

**Second, Tenth, and Fourteenth Amendment** rights as applied to the underlying state record.

## V.  CONCLUSION

The Defendant should not be permitted to use a "moving target" of public interest to justify a prior restraint on the Plaintiff's rights. The "costly discussion" the Judge ordered must proceed immediately.

Respectfully submitted,

Dated: May 5, 2026

> */s/ Donald R. Cowan*
> Donald R. Cowan, B.S.
> Criminal Justice Administration & Ethics
> *(Constitutional & Procedural Law Focus)*
> Pro Se for the Plaintiff
> 3768 SE 48th PL, Oklahoma City,
> Oklahoma 73135 | (405) 708-1756
> Email: Cowan.Radio@gmail.com

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this **May 5, 2026**, a true and correct copy of the foregoing

**"PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO STAY AND MOTION**

**FOR RULE 11 SANCTIONS"** was served upon all counsel of record in this case via the

Court's Electronic Case Filing (ECF) system.  The ECF system will generate and send a Notice

of Electronic Filing (NEF) to the following parties and their counsel:

**Derrick A. Petit** | Assistant United States Attorney
Civil Division, U.S. Attorney's Office, D.C. No. 144466
Attorney for the Federal Communications Commission
601 D Street, NW, Washington, D.C. 20530
Derrick.Petit@usdoj.gov
(202) 252-7269

*/s/ Donald R. Cowan*
Donald R. Cowan, B.S.
Criminal Justice Administration & Ethics
*(Constitutional & Procedural Law Focus)*
Pro Se for the Plaintiff
3768 SE 48th PL, Oklahoma City,
Oklahoma 73135 | (405) 708-1756
Email: Cowan.Radio@gmail.com