UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| DONALD R. COWAN,<br><br>      Plaintiff,<br><br>   v.<br><br>FEDERAL COMMUNICATIONS<br>COMMISSION,<br><br>      Defendant. | Civil Action No. 24-3099 (ACR) |

**DEFENDANT FEDERAL COMMUNICATIONS COMMISSION'S
COMBINED OPPOSITION TO PLAINTIFF'S MOTIONS TO
TAKE JUDICIAL NOTICE AND
TO AMEND THE SECOND AMENDED COMPLAINT**

Pursuant to the Court's Minute Order of June 1, 2026, Defendant Federal Communications

Commission (the "FCC" or "Commission") respectfully files this opposition to Plaintiff's Motion

to Take Judicial Notice, styled as a "Supplemental Notice of Relevant Authority and Request for

Judicial Notice" (ECF No. 101) ("Pl.'s Mot. for Jud. Not."). Further, the FCC opposes Plaintiff's

Motion to Amend (ECF No. 102) his Second Amended Complaint (ECF No. 93) ("Pl.'s Mot. to

Am."). For the reasons explained below, the Court should deny both motions.

**ARGUMENT**

I.    **The Court Should Deny Plaintiff's Motion for Judicial Notice Because
Commissioner Gomez's Letter Is Not Relevant to This Case and Is Not Attributable
to the Full Commission In Any Event.**

In his Motion of May 12, 2026, Plaintiff asks the Court to take "judicial notice of the May

11, 2026, letter from Commissioner Anna Gomez to Disney CEO Josh D'Amaro" ("Gomez

Letter")—including both its "existence and contents." Pl.'s Mot. for Jud. Not. at 1-2. According

to Plaintiff, "Commissioner Gomez admits that the FCC's current investigative and licensing reviews: '…are destined never to be brought to any enforcement conclusion that could face judicial review. That is because **the threat is the point**.'" Pl.'s Mot. for Jud. Not. at 2 (quoting with emphasis Gomez Letter at 2). Plaintiff characterizes this as an "admission" that "provides internal evidence that the FCC's 1,031-day delay in Plaintiff's case is a deliberate 'functional prior restraint' designed specifically to avoid Article III scrutiny." *Id*. Plaintiff then goes on to make the same "Phantom Statute" arguments he has raised previously. *Compare* Pl.'s Mot. for Jud. Not. at 2 (discussing "Phantom Statute"), *with* Pl.'s Opp'n to FCC's Mot. to Dismiss (ECF No. 96) at 2 (same).

"The Federal Rules of Evidence require that [a] court only judicially notice a fact when it is 'not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot be reasonably questioned.'" *Bradley v. Vox Media, Inc.*, 320 F. Supp. 3d 178, 181 (D.D.C. 2018) (quoting Fed. R. Evid. 201(c)(2)). The D.C. Circuit has repeatedly recognized that "[t]he facts to be noticed must also be relevant." *Id.*; *see Whiting v. AARP*, 637 F.3d 355, 364 (D.C. Cir. 2011); *Larson v. Dep't of State*, 565 F.3d 857, 870 (D.C. Cir. 2009).

Here, Commissioner Gomez's letter does not concern Plaintiff's license application or amateur radio licensing at all. Rather, the language on which Plaintiff relies from the letter, *see supra*, concerns FCC "investigations" and "enforcement" processes (Gomez Letter at 2) not at issue in this case.[1] Commissioner Gomez's letter is thus irrelevant to the allegations in Plaintiff's

---

[1]    The allegations here are that Plaintiff applied for an amateur radio license, and that the Commission has not yet acted on that application. *See* Second Am. Compl. at 2 ¶¶ 8, 10. Nowhere does Plaintiff allege that the FCC has sent him investigatory letters or warned of possible enforcement action against him. *See generally id.*

Second Amended Complaint and to this Court's resolution of the FCC's Motion to Dismiss. In these circumstances, judicial notice is unwarranted. *E.g.*, *Larson*, 565 F.3d at 870.

In addition, contrary to Plaintiff's characterization of the letter as an "admission" on the part of the FCC, the letter at most reflects statements of opinion by one FCC commissioner. And although the letter is available on the FCC's website, its contents are in no way analogous to the factual information posted on the U.S. Food and Drug Administration's website in the judicial notice case on which Plaintiff exclusively relies. *See* Pl.'s Mot. for Jud. Not. at 2 (citing *Pharm. Research and Mfrs. of Am. v. Dep't of Health and Human Servs.*, 43 F. Supp. 3d 28, 33 (D.D.C. 2014)). For this independent reason, too, the Court should deny Plaintiff's request (*id*. at 1) for judicial notice of the letter's "contents."

**II.    The Court Should Deny Plaintiff's Motion to Amend the Second Amended Complaint Because Allowing the Further Amendment Plaintiff Proposes, After the FCC Has Already Moved to Dismiss, Would Be Both Unfair and Futile.**

On May 4, 2026—more than two months ago—the FCC moved to dismiss the Second Amended Complaint. *See generally* Mot. to Dismiss (ECF No. 95). The very day the FCC filed its Motion to Dismiss, Plaintiff filed his Opposition. *See generally* Pl.'s Opp'n to FCC's Mot. to Dismiss. In addition and in parallel, he filed a Motion for Summary Judgment (ECF No. 94). On May 5, recognizing that briefing on the Motion for Summary Judgment might prove unnecessary if the Court were to grant the Motion to Dismiss, the FCC filed a Motion to Stay (ECF No. 97) summary judgment briefing.

On June 1, 2026, the Court granted the FCC's Motion to Stay. *See* 6/1/2026 Minute Order. Plaintiff filed his Motion to Amend the Second Amended Complaint just hours later. *See generally* Pl.'s Mot. to Am.

In the Motion to Amend, Plaintiff seeks to add a "constitutional challenge against the exclusive jurisdictional channeling provisions of the Administrative Orders Review Act (the

'Hobbs Act'), 28 U.S.C. § 2342, and its coordinating structural framework within the Communications Act, 47 U.S.C. § 402(a)." *Id*. at 1. Plaintiff underscores, however, that he "does not seek to disrupt, invalidate, or challenge the broad facial constitutionality of the Hobbs Act," or to "challenge [the statute's] legitimate nationwide objective of maintaining a centralized, uniform forum for final agency reviews." *Id*. at 2. Instead, Plaintiff states that he "challenges the statute strictly as applied" in this case. *Id*.

Federal Rule of Civil Procedure 15(a) provides for amendment of pleadings as a matter of course within 21 days of a responsive pleading. Fed. R. Civ. P. 15(a)(1)(B). Thereafter, a plaintiff may amend only with the defendant's written consent or with leave of the court. Fed. R. Civ. P. 15(a)(2). Although leave to amend a complaint is freely given, a motion to amend is reasonably denied if an amendment would be futile. *See, e.g.*, *James Madison Ltd. by Hecht v. Ludwig*, 82 F.3d 1085, 1099 (D.C. Cir. 1996) ("Courts may deny a motion to amend a complaint as futile . . . if the proposed claim would not survive a motion to dismiss."). "This includes when the proposed amended complaint 'merely restates the same facts as the [earlier] complaint.'" *Webster v. Haaland*, Civ. Action No. 23-3050 (RC), 2024 WL 4240286, at *6 (D.D.C. Sept. 19, 2024) (quoting *De Sousa v. Dep't of State*, 840 F. Supp. 2d 92, 113 (D.D.C. 2012)).

Here, Plaintiff has already twice amended his original complaint. He filed the current request to amend nearly two months after the FCC moved to dismiss the Second Amended Complaint, which he has already opposed. *See Nat'l Sec. Counselors v. CIA*, 960 F. Supp. 2d 101, 135 n.11 (D.D.C. 2013) ("When faced with a motion to dismiss, a plaintiff is faced with a choice— oppose the motion on the merits or amend the complaint to address the deficiencies raised in the motion.").

To allow him to amend the Second Amended Complaint at this stage of the proceeding would deprive the FCC of a full opportunity to address his newly added claim, as well as unfairly require the agency to continue shooting at a moving target. The new count that Plaintiff wishes to append to the Second Amended Complaint does not include any new facts, which is reason enough to deny leave to amend. *See Butters v. Nat'l Acad. of Scis.*, Civ. A. No. 24-7068, 2026 WL 1449877, at *8 (D.C. Cir. May 22, 2026) (upholding a District Court's finding that "leave to amend is properly denied when the plaintiff was aware of the information underlying the proposed amendment long before moving for leave to amend the complaint.").

Granting leave to amend would also be futile. He seeks simply to reframe his existing assertions of unreasonable agency delay—which he has previously characterized as, alternatively, a "violation of the separation of powers," Second Am. Compl. at 3 (Count I), an "unconstitutional prior restraint" in violation of the First Amendment, *id.* (Count II), and a "violation of the non-delegation doctrine," *id.* (Count III)—as an "as applied" challenge to the Hobbs Act itself. Pl.'s Mot. to Am. at 2. As set forth in the FCC's Motion to Dismiss (ECF No. 95 at 10), it is well settled that the Hobbs Act lawfully channels objections concerning allegedly unreasonable agency delay to the federal appellate courts. Further, Plaintiff's new claim suffers from the same standing and ripeness issue as his original claims. *See Carty v. Author Sols., Inc.*, 789 F. Supp. 2d 131, 135–36 (D.D.C. 2011) (denial of leave to amend a complaint is appropriate when permitting amendment would be futile because "amended complaint would suffer from the same flaw as the original complaint").

**CONCLUSION**

For these reasons, the Court should deny Plaintiff's Motions to Take Judicial Notice and to Amend the Second Amended Complaint.

Dated: June 8, 2026

Respectfully submitted,

JEANINE FERRIS PIRRO
United States Attorney


By: */s/ Derrick A. Petit*
Derrick A. Petit, D.C. Bar No. 144466
Assistant United States Attorney
601 D Street, NW
Washington, DC 20530
(202) 252-7269
Derrick.Petit@usdoj.gov

*Attorneys for the United States of America*

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

DONALD R. COWAN,

      Plaintiff,

  v.

FEDERAL COMMUNICATIONS
COMMISSION,

      Defendant.

Civil Action No. 24-3099 (ACR)

## [PROPOSED] ORDER

UPON CONSIDERATION of Plaintiff's Motion to Take Judicial Notice and Motion to Amend the Second Amended Complaint, Defendant's Opposition, and the entire record herein, it is hereby

ORDERED that Plaintiff's Motion to Take Judicial Notice (ECF No. 101) is DENIED, and it is further

ORDERED that Plaintiff's Motion to Amend (ECF No. 102) the Second Amended Complaint (ECF No. 93) is DENIED.

SO ORDERED:

_____
Date

_____
ANA C. REYES
United States District Judge