# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

Donald R. Cowan,                          )
        Plaintiff,                        )
                      )
        v.                                )      Case No. 1:24-CV-03099-ACR
                      )
Federal Communications Commission, et al. )
                      )
                      )
Defendants.                               )

**PLAINTIFF'S COMBINED REPLY IN SUPPORT OF MOTION FOR JUDICIAL**

**NOTICE [ECF NO. 101] AND MOTION TO AMEND/SUPPLEMENT [ECF NO. 102]**

## PRELIMINARY STATEMENT

Plaintiff Donald R. Cowan, pro se, respectfully submits this Combined Reply to Defendant Federal Communications Commission's ("FCC") Opposition [ECF No. 103]. The FCC's Opposition is a textbook exercise in administrative self-contradiction. By failing to assert any defense under Federal Rule of Civil Procedure 12(b)(6), the FCC has structurally conceded that Plaintiff's operative Second Amended Complaint ("SAC") states facially plausible constitutional violations under the First Amendment (Prior Restraint) and the Separation of Powers (Major Questions Doctrine). Yet, in ECF No. 103, the FCC attempts to run an impermissible "merits evacuation." They demand that this Court view their statutory venue-channeling shield (the Hobbs Act) in a factual vacuum, entirely insulated from an ongoing 1,031-day recordless freeze that the agency's own leadership defines as a "punishment."

Because the FCC has waived all merits-based defenses, and because they do not dispute the authenticity of the records submitted, their Opposition fails as a matter of law. The threshold jurisdictional inquiry must be resolved in Plaintiff's favor, leave to file the supplemental pleading must be granted, and the requested facts must be judicially noticed.

## ARGUMENT

### I. THE FCC'S RULE 12(b)(6) WAIVER COMPELS THE JUDICIAL NOTICE OF COMMISSIONER GOMEZ'S ADMISSIONS UNDER FRE 201

In ECF No. 103, the FCC begs this Court to deny judicial notice of Commissioner Anna Gomez's formal May 11, 2026, correspondence, [1] claiming it is "irrelevant" because it arose in a corporate broadcast context rather than an amateur radio licensing file. Crucially, however, the FCC does not dispute the accuracy, authenticity, date, or public availability of the letter. Under Federal Rule of Evidence 201(b), because the fact of this formal agency statement is not subject to reasonable dispute, its authenticity is legally conceded.

The FCC's relevance objection is completely neutralized by their own strategic Rule 12(b)(6) waiver. To evaluate jurisdiction under Rule 12(b)(1), this Court must look to the nature of the operative claims asserted. Am. Nat'l Ins. Co. v. FDIC, 642 F.3d 1137, 1139 (D.C. Cir. 2011). Because the FCC chose not to file a 12(b)(6) motion against the SAC, Plaintiff's claim

---

[1] See **Exhibit A**, *May 11, 2026, Correspondence from Commissioner Anna M. Gomez*. Plaintiff note-worthily requests this Court to take specific notice that this binding admission was issued directly from the **Office of Commissioner Gomez on the official, embossed letterhead of the Federal Communications Commission**. It represents an authoritative statement promulgated by the agency's internal leadership, not a casual or unofficial remark.

that the FCC's unguided Character Review Policy operates as an Unconstitutional Prior Restraint stands on the active docket as a legally plausible injury.  Under the governing motion-to-dismiss standard, this Court "must accept as true all material allegations of the complaint" regarding Article III standing.  Warth v. Seldin, 422 U.S. 490, 501 (1975).

A core element of any prior restraint claim is proving that an administrative pipeline utilizes standardless, open-ended discretion to indefinitely suppress a citizen's expression. Therefore, a formal admission by a sitting FCC Commissioner that the agency's review pipeline functions as an active, unguided "punishment" is directly relevant to the jurisdictional threshold. The FCC cannot bypass the merits via a 12(b)(6) waiver, and then simultaneously argue that high-level evidence of the prior restraint's operational intent is "irrelevant" to a 12(b)(1) posture. The motion for judicial notice must be granted.

## II. THE FCC'S MERITS WAIVER RENDERS THE PROPOSED COUNT IV ENTIRELY VIABLE AND PLACED SQUARELY WITHIN THE AXON EXCEPTION

The FCC asserts that Plaintiff's proposed Count IV—an as-applied constitutional challenge to the Hobbs Act—is "futile" because the statutory channeling framework strictly locks all delay claims into the Court of Appeals via a mandamus petition under the TRAC doctrine.  (ECF No. 103 at 4).  This formalist defense completely collapses when contrasted with the unassailable factual record.  Under the 12(b)(1) standard, this Court must accept as absolute truth that Plaintiff's application has been frozen for 1,031 days in a recordless, guideline-free vacuum, and that the agency is utilizing a long-repealed 1984 state felony definition to maintain the freeze.

Crucially, Plaintiff already attempted to exhaust the alternative statutory remedy.  As proven by the D.C. Circuit's August 21, 2024, Order (Case No. 24-1173), Plaintiff petitioned the

Court of Appeals for an extraordinary writ, and the door was shut because an unguided, recordless administrative timeline was deemed a matter for standard judicial tracks, rather than an extraordinary remedy.  The FCC's current position before this Court thus creates an unconstitutional, circular absurdity:

> *THE HOBBS ACT CIRCULAR TRAP:*
>
> *1. The FCC argues that the District Court lacks jurisdiction under the Hobbs Act and tells Plaintiff to seek mandamus in Appeals.*
>
> *2. The D.C. Circuit record proves that it denied Mandamus because there is no final order or administrative record to review.*
>
> *RESULT: Enforcing the statutory venue channel under these unique circumstances completely insulates a conceded, ongoing prior restraint from any Article III judicial oversight whatsoever.*

The Supreme Court explicitly foreclosed this institutional hide-and-seek in Axon Enterprise, Inc. v. FTC, 598 U.S. 175 (2023).  Under Axon, statutory channeling provisions are bypassed when the administrative framework effectively forecloses "meaningful judicial review" of structural constitutional violations.  Because the FCC's 12(b)(6) waiver admits the plausibility of an ongoing prior restraint running in a recordless vacuum, and because the D.C. Circuit record proves that an extraordinary writ cannot reach it, the Axon exception triggers automatically. Enforcing the Hobbs Act under these unique, recordless circumstances does not protect appellate uniformity; it creates a lawless administrative black hole.  Count IV is not futile; it is the exact procedural mechanism required to resolve this structural breakdown.

### III. PLAINTIFF'S SUPPLEMENTAL PLEADING FULLY COMPLIES WITH RULE 15(d) AND SURVIVES THE "MOVING TARGET" OBJECTION

Finally, the FCC relies on National Security Counselors v. CIA to complain that Plaintiff is treating the litigation as a "moving target" by simultaneously opposing their MTD and seeking leave to amend. (ECF No. 103 at 5). This reliance is procedurally misplaced. Plaintiff did not seek a standard Rule 15(a) amendment to wildly alter the underlying factual allegations of the complaint. Rather, Plaintiff filed a Supplemental Pleading under Rule 15(d) to address transactions, occurrences, and events that have matured since the filing of the operative complaint—specifically, the FCC's invocation of an absolute jurisdictional defense to insulate an entirely recordless prior restraint.

As stated in Lujan v. Defenders of Wildlife, 504 U.S. 555, 561 (1992), a party must demonstrate standing and jurisdiction with the "manner and degree of evidence required at the successive stages of the litigation." Count IV clarifies the strict constitutional boundary of the FCC's 12(b)(1) defense based on the maturation of the record. Granting leave to supplement is entirely in the interest of judicial economy under Dietz v. Bouldin, 579 U.S. 40, 47 (2016), ensuring that the threshold jurisdictional question is fully and finally put to rest before this Court.

### CONCLUSION

The FCC's Combined Opposition confirms that the agency's litigation department cannot defend the structural reality of its own administrative pipeline. Having waived their Rule 12(b)(6) merits defenses, they stand entirely naked before this Court, demanding that an Article III judge blindfold herself to a running constitutional injury. For the foregoing reasons, Plaintiff respectfully requests that this Court grant the Motion to Take Judicial Notice [ECF No. 101],

grant leave to file the Supplemental and Amended Pleading [ECF No. 102], append Count IV to

the active docket, and proceed to smash the FCC's unconstitutional jurisdictional loop.

Respectfully submitted,

Dated: June 8, 2026

**/s/ Donald R. Cowan**
Donald R. Cowan, B.S.
Criminal Justice Administration & Ethics
*(Constitutional & Procedural Law Focus)*
Pro Se for the Plaintiff
3768 SE 48th PL, Oklahoma City,
Oklahoma 73135 | (405) 708-1756
Email: Cowan.Radio@gmail.com

## **CERTIFICATE OF SERVICE**

I hereby certify that on this **June 8, 2026**, a true and correct copy of the foregoing

**"PLAINTIFF'S COMBINED REPLY IN SUPPORT OF MOTION FOR JUDICIAL**

**NOTICE [ECF NO. 101] AND MOTION TO AMEND/SUPPLEMENT [ECF NO. 102]"**

was served upon all counsel of record in this case via the Court's Electronic Case Filing (ECF)

system. The ECF system will generate and send a Notice of Electronic Filing (NEF) to the

following parties and their counsel:

**Derrick A. Petit** | Assistant United States Attorney
Civil Division, U.S. Attorney's Office, D.C. No. 144466
Attorney for the Federal Communications Commission
601 D Street, NW, Washington, D.C. 20530
Derrick.Petit@usdoj.gov
(202) 252-7269

> */s/ Donald R. Cowan*
> Donald R. Cowan, B.S.
> Criminal Justice Administration & Ethics
> *(Constitutional & Procedural Law Focus)*
> Pro Se for the Plaintiff
> 3768 SE 48th PL, Oklahoma City,
> Oklahoma 73135 | (405) 708-1756
> Email: Cowan.Radio@gmail.com