UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

DONALD R. COWAN,

      Plaintiff,

    v.

FEDERAL COMMUNICATIONS
COMMISSION,

      Defendant.

Civil Action No. 24-3099 (ACR)

**FEDERAL COMMUNICATIONS COMMISSION'S
REPLY IN FURTHER SUPPORT OF
<u>DEFENDANT'S MOTION TO DISMISS</u>**

Defendant Federal Communications Commission ("FCC" or "Commission") respectfully

submits this reply in support of its motion to dismiss (ECF No. 95, "Defs.' Mot."). Mr. Cowan's

opposition—filed the same day as the FCC's motion—does not meaningfully engage with the

agency's jurisdictional objections. Instead, it underscores why the Court should dismiss this case.

For the reasons explained in Defendants' motion and herein, the Court should dismiss this

case.

**ARGUMENT**

**I.**     <u>**Mr. Cowan Lacks Standing and His Claims Are Unripe**</u>

In his opposition, Mr. Cowan fails to address and therefore concedes several points: First,

in its motion, FCC observed that Mr. Cowan lacks standing to bring his claim because he "has not

alleged any facts showing that Section 308(b) has yet been applied to him," and thus has not

suffered a non-speculative injury. (*See* Def.'s Mot. at 15-17). Mr. Cowan did not address his

standing to bring his claim in either his Second Amended Complaint or opposition. (*See generally*,

Second Am. Compl. (ECF No. 93); Pl.'s Opp'n (ECF No. 96)). Indeed, Mr. Cowan continues to recognize that the FCC has not yet issued any order applying the FCC policy about which he complains—*Policy Regarding Character Qualifications in Broadcast Licensing* ("*1990 Character Policy*"), 5 FCC Rcd 3252 (1990)—to him. (*See, e.g.*, Pl.'s Opp'n at 1 (complaining of the agency's "1,031-day administrative failure" to address his application); *id.* at 2 ("[p]laintiff is not challenging a decision" (citation modified))). Second, in its motion, FCC argued that Mr. Cowan's claim is unripe because it "depend[s] on future events that may never come to pass." (Def.'s Mot. at 17-19 (citing *Devia v. Nuclear Reg. Comm'n*, 492 F.3d 421, 425 (D.C. Cir. 2007))). Plaintiff did not address why his claim was ripe to bring before the Court in his opposition. (*See generally*, Pl.'s Opp'n). Hence, the Court should treat these arguments as conceded. *See Wannall v. Honeywell, Inc.*, 775 F.3d 425, 428 (D.C. Cir. 2014) ("[I]f a party files an opposition to a motion and therein addresses only some of the movant's arguments, the court may treat the unaddressed arguments as conceded."). Accordingly, for the reasons set forth in the FCC's motion, Mr. Cowan lacks standing to bring the claims in his Second Amended Complaint, and those claims are not yet ripe.

Thus, Defendant responds to Plaintiff's remaining contentions concerning the Hobbs Act 28 U.S.C. §§ 2341-2351

## II.    The Hobbs Act Places Exclusive Jurisdiction Over FCC Orders with Federal Courts of Appeals

In addition, and independently, the Court should dismiss the Second Amended Complaint because the Hobbs Act, 28 U.S.C. §§ 2341-2351, gives the federal courts of appeals exclusive jurisdiction to review Mr. Cowan's claims.

Mr. Cowan notably does not dispute that, under the Hobbs Act, only the federal courts of appeals have jurisdiction to conduct pre-enforcement review of FCC orders. 28 U.S.C. § 2342(1).

He likewise does not contest that this exclusive jurisdiction extends to suits for mandamus to compel FCC action—including in cases of purportedly unreasonable delay. *See Telecomms. Rsch. & Action Ctr. v. FCC* ("*TRAC*"), 750 F.2d 70, 77 (D.C. Cir. 1984). Instead, he seeks to establish jurisdiction in this Court based on two sets of assertions: First, he contends that the agency's "1,031-day delay" in processing his amateur radio license application is an "administrative failure" (Pl.'s Opp'n 1) that amounts to "a functional and indefinite suppression of protected speech" (*id.* at 3; *see id.* at 4-5 (further complaints regarding the FCC's administrative delay)). Second, invoking *Axon Enterprise, Inc. v. FCC*, 598 U.S. 175 (2023), he contends that this Court may address his challenge to the *1990 Character Policy* on a theory that the challenge concerns "the structural authority of the FCC to indefinitely suppress First Amendment speech." (Pl.'s Opp'n 2). Both theories are unavailing.

### A.    The "Constitutional Exception" to *TRAC* Does Not Apply

As explained in the FCC's motion (at 11-12), plaintiffs may not circumvent the jurisdictional limits of the Hobbs Act, as interpreted by the D.C. Circuit in *TRAC*, merely by framing an agency's delay in taking action as unconstitutional. Mr. Cowan does not challenge the constitutionality of any of the provisions of the Communications Act that afford the FCC authority to award (or deny) amateur radio licenses. (*See* Def.'s Mot. 2-3 (summarizing the agency's statutory authority)). Rather, he argues that the agency's delay in exercising that authority has had the "functional and indefinite" effect of suppressing his freedom of speech. But as the D.C. Circuit has repeatedly recognized, a challenge to "the manner in which [an] agency has exercised or . . . failed to exercise" its statutory authority is distinct from "a constitutional challenge that is exclusively directed to the source of putative agency authority." *Time Warner Entertainment Co., L.P. v. FCC*, 93 F.3d 957, 965 (D.C. Cir. 1996). Where, as here, a claim concerns the constitutionality of an agency's manner of exercising its statutory authority—not the

constitutionality of the enabling statute—the so-called "constitutional exception" to *TRAC* does not apply, and the jurisdiction of the courts of appeals is exclusive. *E.g.*, *Marchiano v. Nat'l Ass'n of Secs. Dealers, Inc.*, 134 F. Supp. 3d 90, 93-94 (D.D.C. 2001).

### A.  This Court Does Not Have Jurisdiction under *Axon*

Mr. Cowan offers no meaningful response to the explanation in the FCC's motion (at 11, 13-14) of why his claims are not "structural" challenges to the FCC's authority, but rather are claims that Congress intended for review under the Hobbs Act. His continued assertion that "he is challenging the structural authority of the FCC" (Pl.'s Opp'n 2) is all but entirely conclusory. In support, he relies principally on arguments for why the *1990 Character Policy* purportedly violates the Administrative Procedure Act—arguments that are not reasonably understood as "structural" challenges. (*See, e.g.*, Pl.'s Opp'n 2 ("the policy was never subjected to Notice and Comment" and "defines 'felony' . . . by citing [a previously repealed statute]").

Indeed, Mr. Cowan's opposition reinforces the FCC's analysis under *Thunder Basin Coal Co. v. Reich*, 510 U.S. 200 (1994), which provides a three-factor test for determining when Congress intended claims to be reviewed within a statutorily prescribed structure.  (*See* Def.'s Mot. 13).

Applying the first *Thunder Basin* factor—whether precluding district court jurisdiction would foreclose all meaningful judicial review—the FCC explained in its motion (at 13-15) why dismissing the Second Amended Complaint would not have that effect. Among other possible avenues for obtaining judicial review (*see id.* at 14-15), Mr. Cowan remains free to seek a writ of mandamus to compel the FCC to act on his application (*id.* at 13).

Mr. Cowan does not dispute that the Hobbs Act and *TRAC* would allow him to petition for a writ of mandamus. Indeed, he has done so before. (*Id.* at 5-6, 12). There is thus no merit to his

conclusory assertion, in opposing the FCC's motion, that "*this* Article III Court is the only remaining forum capable of providing a meaningful remedy." (Pl.'s Opp'n 5 (citation modified)).

Mr. Cowan argues at various points that it would be futile for him to "further exhaust administrative remedies." (*Id.*; *see id.* at 3). Not so. As the FCC has explained, for example (Def.'s Mot. n.8), the agency's rules would permit Mr. Cowan to file the petition for rulemaking that he has lodged in this Court with the agency. And if Mr. Cowan doubts that the Commission will act on requests for administrative relief (*see* Pl.'s Opp'n 5), he, again, may petition for a writ of mandamus. In any event, the requirement of final agency action under the Hobbs Act, 28 U.S.C. § 2342(1); *see* 47 U.S.C. § 402(a), is jurisdictional. *See, e.g.*, *Verizon Tel. Co. v. FCC*, 269 F.3d 1098, 1103 (D.C. Cir. 2001) (describing the question of whether an FCC order is final as "jurisdictional"). There is no "futility" exception to that requirement. *E.g.*, *Bowles v. Russell*, 551 U.S. 205, 214 (2007) (courts have "no authority to create equitable exceptions to jurisdictional requirements"); *see also Patten v. District of Columbia*, 9 4th 921, 292 (D.C. Cir. 2021) (under *Ross v. Blake*, 578 U.S. 632 (2016), "courts may not impose judge-made exceptions on statutory exhaustion requirements").

Mr. Cowan's opposition likewise bolsters the FCC's jurisdictional analysis under the second *Thunder Basin* factor: whether his claims are "wholly collateral" to the Hobbs Act's review provisions. *E.g.*, *VHS Acquisition Subsidiary No. 7 v. NLRB*, 805 F. Supp. 3d 1, 7 (D.D.C. 2024) (quoting *Thunder Basin*, 510 U.S. at 212)). The analysis under this factor turns largely on "whether . . . plaintiffs aim to seek the same relief they could obtain in the agency proceeding." *Am. Foreign Serv. Ass'n v. Trump*, 768 F. Sup. 3d 6, 23 (D.D.C. 2025) (cleaned up). Mr. Cowan argues in his opposition that this Court should "vacate the 1990 Policy Statement." (Pl.'s Opp'n 6). But he can challenge the validity of the *1990 Character Policy* in the FCC's licensing proceeding. And if the

FCC applies the *1990 Character Policy* to deny his license application, he will be able to challenge the FCC's final order in an "appropriate circuit court." (Def.'s Mot. 15 (quoting *Grid Radio v. FCC*, 278 F.3d 1314, 1321 (D.C. Cir. 2002)). By that means, he may pursue the same relief he seeks here through the review structure of the Hobbs Act. Likewise, as already explained, the structure of the Hobbs Act allows him to request a writ of mandamus from the D.C. Circuit "order[ing] the immediate finalization of the license process." (Pl.'s Opp'n 6). Given the relief he seeks, his claims (*id.* at 3) that the *1990 Character Policy* was improperly adopted without notice and comment and based on a repealed statutory definition are not "collateral" to the review structure of the Hobbs Act.

Finally, with respect to the third *Thunder Basin* factor, Mr. Cowan offers no meaningful retort to the FCC's "long experience in determining the extent to which the felony convictions of license applicants bear on their propensity to operate the requested license lawfully." (Def.'s Mot. 13). In particular, he ignores *Contemporary Media, Inc. v. FCC*, 214 F.3d 187 (D.C. Cir. 2000 (cited at Def.'s Mot. 13)), in which the D.C. Circuit expressly approved the FCC's consideration of felony convictions in licensing more than two decades ago. *See* 214 F.3d at 193 ("We see nothing irrational in the conclusion that a violation of the criminal laws is relevant to [the] evaluation [of a license applicant's propensity to obey the law] and to the issue of character in general. The FCC relies heavily on the honesty and probity of its licensees in a regulatory system that is largely self-policing. Under such a regime, a felony conviction—any felony conviction—is certainly a factor to be considered." (citations modified)). Consistent with *Contemporary Media*, the question of what bearing Mr. Cowan's felony manslaughter conviction has on his qualifications to hold an amateur radio license lies well within the FCC's sphere of expertise.

\*    \*    \*

## CONCLUSION

For these reasons, and those in its opening brief, FCC respectfully requests that the Court grant its motion and dismiss this case.

Dated: June 30, 2026

Respectfully submitted,

JEANINE FERRIS PIRRO
United States Attorney

By: */s/ Derrick A. Petit*
Derrick A. Petit, D.C. Bar No. 144466
Assistant United States Attorney
601 D Street, NW
Washington, DC 20530
(202) 252-7269
Derrick.Petit@usdoj.gov

*Attorneys for the United States of America*

- 7 -

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on June 30, 2026, I caused a copy of the foregoing document be

served upon pro se Plaintiff via the Court's Electronic Court Filing system, to which Plaintiff has

access. *See* ECF No. 4.


By:    */s/ Derrick A. Petit*
Derrick A. Petit, D.C. Bar # 144466

- 8 -